**United States District Court**
**District of Massachusetts**

```
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            v.                    )
                                  )   Criminal No.
Albania DeLeon,                   )   07-10277-NMG
                                  )
            Defendant.            )
                                  )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The defendant in this case is charged with conspiracy, making false, fictitious and fraudulent statements, procuring false tax returns and mail fraud. She has moved to sever the counts alleging conspiracy and false statements from the counts alleging tax fraud and mail fraud.

**I.   Background**

   **A.   Factual Background**

The defendant, Albania DeLeon ("DeLeon"), allegedly engaged in fraud in the course of owning and operating two companies, Environmental Compliance Training ("ECT") and Methuen Abatement Staffing ("MAS"). The indictment alleges that ECT was in the business of training asbestos abatement workers and that MAS was a temporary employment agency that offered asbestos abatement services. Although separately incorporated, ECT and MAS were in existence at the same time, shared the same address in Methuen,

-1-

Massachusetts, and were both owned and operated by DeLeon.

The indictment alleges that DeLeon, through ECT, issued false training certificates to individuals who had not completed the required asbestos training and covered it up by submitting false reports to the Massachusetts Department of Occupational Safety. Completion of an asbestos training course and a score of at least 70% right answers on a written examination are prerequisites to working in asbestos abatement in Massachusetts. ECT provided those services but, according to the indictment, also issued false certificates (for an increased fee) to individuals who had not completed the required course or passed the examination. The indictment also alleges that DeLeon issued certificates to individuals lacking legal immigration status.

DeLeon is also charged with committing tax fraud and mail fraud in the course of her operation of MAS. MAS hired individuals who were then offered as temporary employees to clients around Boston. The indictment alleges that DeLeon avoided paying taxes on these employees by maintaining two separate payrolls. Employees on the first payroll had taxes withheld from their paychecks but employees on the second payroll did not. DeLeon purportedly told her tax preparers that individuals on the second payroll were not employees but rather independent contractors for whom she was not required to pay payroll taxes. DeLeon allegedly concealed this second payroll

-2-

from worker's compensation insurers as well and committed mail fraud by submitting fraudulent forms related to worker's compensation insurance.

## B. **Procedural History**

A criminal complaint against DeLeon and a second defendant, Jose Francisco Garcia-Garcia ("Garcia-Garcia"), was filed on June 7, 2007. On August 22, 2007, an indictment naming both defendants was filed. Garcia-Garcia subsequently pled guilty and a superseding indictment naming only DeLeon was filed on March, 18, 2008. DeLeon filed the pending motion to sever on August 11, 2008, which the government opposes.

## II. **Analysis**

DeLeon has asked this Court to sever the counts relating to her conduct as an officer of ECT (Counts 1-6) from the counts relating to her conduct as an officer of MAS (Counts 7-28). She makes two arguments in support: 1) the counts are improperly joined under Fed. R. Crim. P. 8(a) and 2) even if joinder is proper, a severance, pursuant to Fed. R. Crim. P. 14(a), is necessary to avoid undue prejudice.

### A. **Joinder Under Fed. R. Crim. P. 8(a)**

Rule 8(a) permits the joinder of two or more criminal offenses if the offenses:

> are of the same or similar character, or are based on
> the same act or transaction, or are connected with or
> constitute parts of a common scheme or plan.

-3-

In determining whether counts are properly combined for trial, the First Circuit Court of Appeals has held that appropriate factors to consider include 1) whether the charges are brought under the same statute, 2) whether they involve similar victims, locations or modes of operation, and 3) the time frame in which the charged conduct occurred. United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995) (citation omitted).

Based on the allegations in the indictment, joinder of the counts against DeLeon is appropriate under Rule 8(a). Although the charges do not arise under the same statute, the two entities involved, ECT and MAS, were both controlled by the defendant DeLeon, operated out of the same address in Methuen, and engaged in the alleged illegal conduct around the same time. See Taylor, 54 F.3d at 973.

Furthermore, according to the government, all of the counts relate to a common scheme or plan by DeLeon to hire cheap and illegal labor. It alleges that DeLeon sought to gain an edge over competitors both by enabling employees to begin work immediately (rather than attend one week of training first) and by not withholding taxes from employees paychecks. Both practices also allegedly enabled DeLeon to employ illegal aliens.

Finally, contrary to DeLeon's suggestion, evidence of

-4-

either entity's conduct would be admissible in a trial
concerning the other under Fed. R. Evid. 404(b) as evidence
of motive.  Were the government to try DeLeon separately for
false certifications made on behalf of ECT, evidence that
MAS subsequently hired those same individuals and did not
withhold taxes from their paychecks would be relevant to
show DeLeon's motive in falsifying the certifications.

### B.   Severance Under Fed. R. Crim. P. 14(a)

DeLeon asserts that even if the joinder of counts
against her does not violate Rule 8(a), a severance is still
appropriate under Rule 14(a).  Rule 14(a) states that if
joinder appears to prejudice a defendant, "the court may
order separate trials of counts . . . or provide any other
relief that justice requires."  DeLeon argues that there
will be prejudicial spillover in that jurors might consider
evidence relating to MAS's tax fraud when considering counts
related to ECT and the falsification of certifications.

The Court is not persuaded by DeLeon's assertions.  No
risk of prejudice exists where, as here, the same evidence
would be admissible in both trials if the counts were
severed.  See United States v. Fenton, 367 F.3d 14, 22 (1st
Cir. 2004).  Furtherore, any risk of undue prejudice can be
cured by a limiting instruction to the jury at trial.

-5-

**ORDER**

In accordance with the foregoing, the defendant's motion to sever (Docket No. 52) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated October /6, 2008

-6-