**United States District Court**
**District of Massachusetts**

```
_____
                                )
UNITED STATES OF AMERICA,       )
                                )
          v.                    )
                                )
ALBANIA DELEON,                 )    Criminal Action No.
                                )    07-10277-NMG
          Defendant.            )
                                )
                                )
_____ )
```

**MEMORANDUM & ORDER**

GORTON, J.

In June, 2016, this Court dismissed the habeas petition of Albania Deleon ("Deleon"). Deleon now requests a Certificate of Appealability.

I.    **Background**

In her habeas petition, Deleon challenged her conviction and sentence on ineffective assistance of counsel grounds. Specifically, Deleon alleged that her counsel, Carl N. Donaldson ("Donaldson"), was ineffective because he 1) consented to submitting three summary chalks to the jury while deliberations were ongoing, 2) failed to hire an expert to oppose the government's loss estimations, 3) failed to retain an expert to rebut the testimony of a witness, 4) advised Deleon to go to trial and testify, 5) failed to discuss the pre-sentencing report ("PSR") with Deleon and 6) did not open mail from the

-1-

Court and the government and delayed forwarding materials to her new counsel during sentencing.  Deleon also contended that she was entitled to re-sentencing pursuant to <u>Alleyne</u> v. <u>United States</u>, 133 S.Ct. 2151 (2013).

In June, 2016, after considering Deleon's objections, this Court adopted the report and recommendation ("R&R") of the Magistrate Judge and dismissed the petition.  Deleon now seeks a Certificate of Appealability for her ineffective assistance of counsel claim.

## II.  Legal Analysis

### A.    Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

<u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484 (2000).  To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the

existence of mere good faith." <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S.
322, 338 (2003).

**B.   Application**

Deleon fails to demonstrate that "reasonable jurists could
debate" whether her petition for writ of habeas corpus should
have been decided differently on the ineffective assistance of
counsel ground. <u>Slack</u>, 529 U.S. at 484.  As discussed in the
R&R, the evidence in the summary chalks submitted to the jury
was cumulative and therefore harmless.  Donaldson's decision to
mount defenses that did not include hiring experts was
strategic, within the range of objective reasonableness and
there is no evidence that it prejudiced the outcome of the
trial.  Furthermore, Donaldson's advice to Deleon to testify was
not coercive and, again, there is no evidence that it prejudiced
the outcome of the case.  Donaldson's failure to discuss the PSR
with Deleon and failure to timely forward mail to her new
attorney are non-prejudicial because Donaldson was no longer
representing her during the sentencing and her new counsel
requested and received several extensions to ensure that she had
adequate time to prepare for the sentencing hearing.

This Court thoroughly and reasonably addressed Deleon's
arguments as to the ineffective assistance of counsel claim, and
reasonable jurists could not disagree with its reasoning.
Accordingly, the motion for a Certificate of Appealability with

respect to the ineffective assistance of counsel claim in

Deleon's habeas petition will be denied.

### ORDER

In accordance with the foregoing, petitioner's motion for a

Certificate of Appealability is **DENIED**.


**So ordered.**

                              /s/ Nathaniel M. Gorton
                              Nathaniel M. Gorton
                              United States District Judge

Dated October 4, 2016